653 F.2d 391
 HANDI INVESTMENT COMPANY, Robert M. Fridlund, Richard E.
Fridlund, Everette H. Neal, Barbara Fridlund,
Loretta Fridlund, Patricia Neal,
Plaintiffs-Appellants,
v.
MOBIL OIL CORPORATION, Defendant-Appellee.
 No. 78-2953.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 6, 1980.
Decided Aug. 10, 1981.
 
 Garry Koenigsberg, San Francisco, Cal., argued, for plaintiffs-appellants; Timothy H. Fine, San Francisco, Cal., on brief.
 Jack D. Fudge, McCutchen, Black, Verleger & Shea, Los Angeles, Cal., argued, for defendant-appellee; Michael L. Hickok, Los Angeles, Cal., on brief.
 Appeal from the United States District Court for the Eastern District of California.
 Before CHAMBERS, WALLACE and POOLE, Circuit Judges.
 CHAMBERS, Circuit Judge:
 
 
 1
 This is the second time these parties have come before this court. The first go-around was an appeal from summary judgment, Handi Inv. Co. v. Mobil Oil Corp., 550 F.2d 543 (9th Cir. 1977), (Handi I ), and the facts are set out there. Upon remand, a jury trial resulted in a verdict in favor of defendant Mobil Oil. Handi argues the district court erred in instructing the jury that both parties to a loan agreement must intend to violate the usury laws, and had to enter into a loan agreement in "bad faith," in order to find Mobil in violation of California's usury law. Additionally, Handi finds error in the Court's instructions concerning the calculation of treble damages. Handi also seeks an order that the case be remanded to a different district judge. Reversal is required based on Handi's first two arguments.
 
 
 2
 In Handi I, we stated that the requisite intent to show a violation of the usury laws would be found in the intent of the defendant, Mobil. Thus, Handi I, is "law of the case" as to the issue of intent in the instant controversy. Although "law of the case" is not an "inexorable command," prior decision of legal issues should be followed unless there is substantially different evidence at a subsequent trial, new controlling authority, or the prior decision was clearly erroneous and would result in injustice. Kimball v. Callahan, 590 F.2d 768, 772 (9th Cir.), cert. den. 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33 (1979); White v. Murtha, 377 F.2d 428 (5th Cir. 1967). The district judge explicitly rejected our Handi I, choosing to rely on McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 21 Cal.3d 365, 146 Cal.Rptr. 371, 578 P.2d 1375 (1978), which he felt superseded Handi I. The district court's reliance on McConnell, we believe, was misplaced.
 
 
 3
 McConnell concerned variable-rate interest on credit extended for use in margin accounts for securities purchases. The parties there agreed that interest charged would be a percentage amount over the rate defendant was required to pay commercial lenders for brokerage loans. The rate of interest on the brokerage loans would fluctuate and the rate of interest paid by McConnell would also fluctuate. At times the interest paid by McConnell surpassed the maximum rate allowed under law. After analyzing the applicable California cases, the McConnell court held that upon a showing that neither party to the interest agreement had intended to violate the usury laws, and that the transaction was not just a sham to disguise illegal interest, no violation of the usury laws could be found.
 
 
 4
 Contrary to the district court's views, we think McConnell does not address itself to the minimum requirements to show violation of the law. It only concerns what must be shown to prove innocence of violation of the usury laws. Nothing in McConnell is inconsistent with our view in Handi I that a showing of Mobil's intent to extract usurious interest from Handi would be sufficient intent to find Mobil in violation of the usury laws. McConnell is not an authoritative case in contradiction with the prior holding of this court, and no other reason has been advanced for disregarding Handi I. Handi I is controlling "law of the case" on the question of intent to find violation of the usury laws.
 
 
 5
 Handi next contends that the instruction setting out three time periods for computation of damages was in error. The gist of the instruction is that treble damages provided for by statute are not available for interest paid more than one year prior to filing of the action, and additionally, the treble damages are not available for unlawful interest paid after filing of the complaint. The jury was instructed that treble damages are available only for a one year period which ends at the time of filing of the complaint.
 
 
 6
 Section 1916-3 of the California Civil Code provides for treble recovery of amounts paid in interest in violation of the usury laws, "provided such action shall be brought within one year after such payment or delivery." This language has been interpreted by the California courts as a statute of limitation on the bringing of a claim under the usury statutes. Baruch Inv. Co. v. Huntoon, 257 Cal.App.2d 485, 490, 65 Cal.Rptr. 131 (1967). The statute is used to cut off treble damages an aggrieved plaintiff can recover. As a statute of limitations, the statute limits treble damages to the period commencing one year prior to filing of the complaint; it does not cut off damages accruing after filing of the complaint.
 
 
 7
 Appellants' final request is that on remand this court use its powers under 28 U.S.C. § 2106 to have the case assigned to a different district judge. Appellants cited no cases similar to this case. Our review of the record does not convince us that he must be removed from the case. Although the district judge may, on his own, recuse himself from further proceedings, we do not direct his removal from the case.
 
 
 8
 The case is reversed and remanded to the district court for further proceedings consistent with this opinion.