In re SONOMA V, a California general partnership, Debtor.

Marilou Cotchett SELLS, Robert Sells, Dorothy Fields and Russell F. Fields, Appellants,

v.

SONOMA V, a California general partnership and William B. Grover, Trustee, Appellees.

BAP No. NC 82–1351 EAsG.

Bankruptcy No. 1–80–00463.

United States Bankruptcy Appellate Panels, of the Ninth Circuit.

Argued March 24, 1983.

Decided Oct. 25, 1983.

---

See also, Bkrtcy.App., 24 B.R. 600.

Joseph D. Geller, Geller & Holt, Burlingame, Cal., for appellants.

Malcolm A. Misuraca, Misurace, Beyers & Costin, Santa Rosa, Cal., for appellees.

Before ELLIOTT, ASHLAND and GEORGE, Bankruptcy Judges.

ELLIOTT, Bankruptcy Judge:

This is an appeal taken from an order of the bankruptcy court that certain administrative expenses be paid to Misuraca, Beyers & Costin, attorneys for the debtor, from the proceeds of the sale of the debtor's property even though those proceeds were insufficient to satisfy all encumbrances against the property. This is the second appeal involving the same parties and similar issues. *Sells v. Sonoma V (In re Sonoma V)*, 24 B.R. 600 (Bkrtcy.App.Pan. 9th Cir.1982). We shall refer to this decision as "*Fields & Sells I.*"

The decision presently on appeal is fundamentally inconsistent with the determinations made by the Appellate Panel in *Fields & Sells I.* Because the appellees have not shown cause to deviate from the law of the case as established by *Fields & Sells I,* we reverse the order and remand the proceeding with instructions.

The factual background of the dispute is set forth in *Fields & Sells I, supra,* and need not be repeated here. In a nutshell, the confirmed plan in this case called for the sale of the debtor's shopping center for a price sufficient to satisfy all expenses of administration (including, of course, the debtor's attorneys' fees) and all encumbrances on the shopping center (including a deed of trust held by Fields & Sells), classes "A" through "H".

After confirmation, the trustee of the debtor's estate proposed a sale for a price not sufficient to satisfy expenses and liens as calls for by the plan. Recognizing the shortage the trial court required Fields & Sells to agree to a sale free and clear of liens with the liens transferred to the proceeds of sale. Fields & Sells did agree in a stipulation which provided that net proceeds of sale were subject to "costs of administration incurred by said trustee in connection with the such sale including the real estate commission. . . ."

In *Fields & Sells I,* the trial court ordered the payment of attorneys' fees to counsel for the debtor pursuant to the confirmed plan. We reversed, holding ". . . that payment to appellees under the plan, of pro-

ceeds claimed by appellants [Fields & Sells], was not warranted."

*Fields & Sells I* was submitted after argument on January 20, 1982. It was decided on October 1, 1982.

At the outset of *Fields & Sells I,* we stayed the order for payment of fees to appellees.

After argument and submission of *Fields & Sells I,* perhaps recognizing the weakness of their position, appellees set in motion procedures which, at least in retrospect, appear to have been designed to circumvent the possible reversal. The attorneys for the debtor sought and obtained a modification of the stay on payment of their fees on appeal. The modification permitted payment of their attorneys' fees out of monies on hand, other than the proceeds of sale. The parties have referred to the proceeds of sale which were subject to the stay order as "encumbered" and all other funds as "unencumbered."

After obtaining the order from the Appellate Panel clarifying its prior stay, the Misuraca firm sought payment of its fees from the trustee out of funds not subject to the Appellate Panel stay. Apparently at the request of the Misuraca firm, a motion was brought by the trustee to invalidate the stipulation for sale free and clear of liens as being obtained by fraud and as being an improper modification of the plan. The trustee also sought an order to interpret the plan and find that all expenses were properly payable from the "encumbered" sale proceeds. We refer to this request as "the Motion to Invalidate and Interpret."

At the hearing on this motion, an accountant's testimony was introduced purporting to show that there were sufficient "unencumbered" assets to pay most of the Misuraca firm's fees notwithstanding that an accounting previously filed by the trustee indicated to the contrary. Acting upon instructions from the trustee and Misuraca firm, the accountant had charged all administrative expenses which had been paid by the trustee to "encumbered" funds. This left $52,172.78 in the "unencumbered" funds account. The only reason that was

given for allocating all administrative expenses except the Misuraca firm's fees to the "encumbered" funds was that the confirmed plan provided for payment of all administrative expenses in Class "A" and thus, it was argued, all expenses were properly charged to "encumbered" funds.

The trial court invalidated the stipulation for sale free and clear of liens as an improper attempt to modify the priorities of the plan, approved the new allocation of expenses, and entered an order permitting payment of the Misuraca firm's fees from the "unencumbered" assets and all other expenses from the "encumbered" assets. The Misuraca firm was thus paid the $52,172.78. The Fields and Sells sought a stay of this order from the Appellate Panel but we denied a stay on grounds of mootness because the Misuraca firm had already been paid by the trustee at the time the motion for stay was brought before it.

In *Fields & Sells I* we stated at 24 B.R. 600, 602:

> When the court confirmed the sale for less than that amount and required a stipulation from two junior lienholders (RCCC and appellants) whose claims might be impaired, it implicitly modified or abandoned the fundamental premise of the plan—that various designated classes of creditors be paid in full. The case simply became a liquidation proceeding for the best price possible. The priority of the various claims now remain to be determined under general legal standards together with applicable provisions of the Bankruptcy Code.

██ *Fields & Sells I* is the "law of the case." Under that doctrine, as a general rule, one panel of an appellate tribunal will not reconsider questions which another panel has decided on a prior appeal in the same case. This principle is a self-imposed restriction based upon the public policy that litigation must come to an end. The "law of the case" doctrine is not "an inexorable command," but prior decisions of legal issues should be followed on a later appeal "unless the evidence on a subsequent trial

was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." *Kimball v. Callahan,* 590 F.2d 768, 771–72 (9th Cir.1979), quoting from *White v. Murtha,* 377 F.2d 428, 431–32 (5th Cir.1967). *Accord, Handi Investment Co. v. Mobil Oil Corp.,* 653 F.2d 391, 392 (9th Cir.1981). We hold that appellees have not shown that any of the aforementioned reasons exist for overturning *Fields & Sells I.*

■ The decision of the trial judge is based on his conclusion that the plan is still viable and that the plan contemplated sale of the property at a price insufficient to satisfy classes "A" through "H". Because this is precisely the same issue addressed by the prior panel in *Fields & Sells I,* the only critical issue in this case is whether this panel should deviate from the holding in *Fields & Sells I* or order the trial court to adhere to the mandate announced in the prior case.

The trustee filed the Motion to Invalidate and Interpret in the trial court when *Fields & Sells I* had been under submission for approximately seven months. Prior to the hearing to be held in the trial court on their motion, appellees sought permission to augment the record in *Fields & Sells I* to include the pleadings filed in connection with the Motion to Invalidate and Interpret. They also sought permission to include a transcript of the trial court hearing which at the time had not yet been held and any orders the trial court might enter in connection with that motion. Through apparent clerical inadvertence, the Appellate Panel failed to expressly rule upon this request to augment. In effect, the application was denied when the panel announced its ruling approximately one month later.

Appellees argue that had this material been considered by the Appellate Panel the result would have been different. We disagree. The materials the appellees sought to add to the record in *Fields & Sells I* are now before this panel. In one respect that material does weigh in favor of appellees' argument that *Fields & Sells I* was incorrectly decided. Findings made by the trial court indicate that it and several of the parties never contemplated that the plan guaranteed payment to classes "A" through "H" or that the plan was rendered inoperative because of the sale of the property for a price lower than required to fully satisfy those claims. The panel in *Fields & Sells I* had inferred a contrary intent based upon certain conduct by the trial court. In light of the several other reasons recited by the *Fields & Sells I* panel, particularly the fact that other lienholders were paid directly out of escrow without having had their claims subjected to costs of administration, we do not find the court's findings determinative. Another piece of contradictory information that was not made available to the prior panel but which was not the subject of the augmentation motion has been included in the record on appeal: Apparently the original disclosure statement was amended to disclaim any assertion that the plan guaranteed full payment to those in classes "A" through "H". Whatever was said in the disclosure statement, the language of the plan itself is controlling.

We think neither of these items is sufficient "substantially different evidence" to persuade us that *Fields & Sells I* was wrong in concluding that "the fundamental premise underlying the plan was that the sale would generate sufficient funds to pay all lien claimants as well as administrative costs." *Fields & Sells I,* 24 B.R. at 602.

Appellees' other arguments restate issues passed upon in *Fields & Sells I.* They note that several provisions contained in the plan including the creation of classes of claimants would be superfluous if the plan could not operate with less than enough money to pay off all claims in classes "A" through "H". The *Fields & Sells I* panel was well aware and made note of these apparent paradoxes in the plan. Although a formal conversion to Chapter 7 under Bankruptcy Code § 1112(b)(7) ("inability to effectuate substantial consummation of a confirmed plan") may only occur after "notice and hearing," the fact remains that the plan, as

we construe it, could not be consummated. We do not suggest that plans capable of consummation may be modified or abandoned either by express order or by implication without adherence to the formal requirements of the Bankruptcy Code. Vested rights are not so evanescent. In this case there were no such vested rights because nothing in the plan provided for the situation at hand.

Notwithstanding the trial court's later findings concerning its intentions and the circumstances surrounding the execution of the stipulation to sell the property, we are not convinced that the prior panel's decision was "clearly erroneous and would work a manifest injustice," *Kimball v. Callahan, supra.*

## CONCLUSION

The essential holding of *Fields & Sells I* was that the Chapter 11 plan could not be consummated and that there was no basis for awarding fees to the attorneys for the debtor out of a fund which was security for a debt due appellants. Having determined that this holding was not in error, it is clear that the order authorizing payment of administrative expenses ahead of any secured claimants is improper.

The order authorizing payment of administrative expenses in priority senior to the Fields and Sells is reversed. The proceeding is remanded with instructions to order the return of funds paid from the estate with respect to administrative expenses forthwith. Further proceedings are to be had consistent with the determination in this opinion and consistent with the mandate in *Fields & Sells I.*