In re The CHARTER COMPANY, et al., Debtors.

The CERTIFIED CLASS IN the CHARTER SECURITIES LITIGATION and Certain Individual Members Thereof, Appellants,

v.

The CHARTER COMPANY, et al., Appellees.

Bankruptcy Nos. 87–98–Civ–J–12, 84–289–BK–J–GP.

United States District Court, M.D. Florida, Jacksonville Division.

Aug. 23, 1988.

See also 86 B.R. 280.

Nicholas E. Chimicles, Kenneth A. Jacobsen, James R. Malone, Jr., Denise Davis Schwartzman, Haverford, Pa., and A. August Quesada, Jr., Jacksonville, Fla., for appellants.

Stephen D. Busey, Jacksonville, Fla., for appellees.

## ORDER ON MOTION TO DISMISS APPEAL

MELTON, District Judge.

This is an appeal of an order of the Bankruptcy Court confirming a plan of reorganization. This cause is presently before the Court on The Charter Company, Charter Oil Company, Charter International Oil Company, Charter Crude Oil Company, and Charter International Finance N.V.'s ("debtors" or "appellees") Motion to Dismiss Appeal, filed herein on April 6, 1987. The Certified Class in the Charter Securities Litigation and Certain Individual Members Thereof ("appellants") filed a memorandum of law in opposition to said motion on May 8, 1987.[1] A hearing on the

1. The propriety of including certain individual members of the class in this appeal as parties separate and distinct from the class itself is discussed in Section III *infra.* The Court will refer to the class and the individual members together as "appellants." In discussions applicable to the class only, the Court will use the term "class appellant," and in discussion applicable to individual members only, the Court will use the term "individual appellants."

2. The Court directed the parties to address the following questions in light of Judge Moore's decision:

matter was held on August 19, 1987. On December 4, 1987, appellees filed supplemental authority in support of its motion. Appellants filed a response to appellees' supplement on December 18, 1987.

Thereafter, on February 24, 1988, the Honorable John H. Moore, II, handed down an opinion in *The Certified Class in the Charter Securities Litigation and Certain Individual Members Thereof v. The Charter Co.,* Case No. 86–1079–Civ–J–16 ("*Certified Class I*"), affirming the Bankruptcy Court's disallowance of the proof of claim filed by class appellant. Judge Moore's decision prompted this Court to order the parties to file supplemental briefs addressing the jurisdictional issues of standing and mootness. *See* Order entered May 13, 1988.[2]

Upon consideration of the submissions of counsel, the arguments presented at the August 19, 1987 hearing, and upon review of the law applicable hereto, the Court is of the opinion that this appeal should be dismissed. The reasoning of the Court follows.

## I. BACKGROUND

Appellants seek reversal of an order entered December 18, 1986, by the United States Bankruptcy Court for the Middle District Florida, Jacksonville Division in which the Court confirmed the fourth amended joint plan of reorganization of appellees. Appellants contend that they have securities fraud claims against debtors' estates. The order of the Bankruptcy Court has not been stayed by the Bankruptcy Court or this Court as provided for in Bankruptcy Rule 8005. Three issues are

(1) What effect does Judge Moore's ruling have on the standing of the certified class to object to the confirmation of the reorganization plan?

(2) Did the Bankruptcy Court disallow the proof of claims filed by the individuals who are parties to this appeal? If so, did the individuals appeal the order(s) sustaining the objection(s) to their individual claims. If not, are these individuals "interested parties" under 11 U.S.C. section 1129?

(3) Do the answers to questions one and two above alter the issues raised by the parties with regard to the question of mootness?

presently before the Court: (1) whether class appellant has standing to object to the reorganization plan in light of the district court's affirmation of the Bankruptcy Court's disallowance of the class proof of claim; (2) whether individual class members who filed claims are parties to this appeal apart from their membership in the class; and (3) whether the reorganization plan has been so substantially consummated that effective relief is no longer available to appellants.

## II. STANDING OF CLASS APPELLANT

■ The starting point for determining whether class appellant has standing to pursue this appeal is to decide whether in the first instance class appellant was a "party in interest" on December 18, 1986, the date the Bankruptcy Court confirmed the reorganization plan. *See* 11 U.S.C. § 1128(b) ("A party in interest may object to confirmation of a plan"). If class appellant was not among those who could object to the confirmation of the plan, it follows that class appellant lacks standing to appeal the Bankruptcy Court's order confirming the plan.[3]

The focus of this Court's analysis is the opinion authored by the District Court in *Certified Class I.* In that case, the Court affirmed the Bankruptcy Court's decision granting appellees' objection to the class proof of claim, holding that a class proof of claim is not allowable in a bankruptcy proceeding. *Id.* at 5. Alternatively, the Court determined that even if class proofs of claim are allowable in bankruptcy proceedings, class appellant failed to obtain class certification, or to even apply for class certification by November 19, 1988, the date by which "all entities" had to file proofs of claim. The class proof of claim, therefore, was properly disallowed as untimely. *Id.* at 5–6.

The decision in *Certified Class I* serves to constructively eliminate class appellant's claimed status as a party in interest who

can object to the confirmation of the plan; therefore, the class appellant has no standing to pursue this appeal. This determination flows from the doctrine of "the law of the case" and its application to the circumstances of this case. Applying this legal precept to the instant case leads to the conclusion that absent a claim, class appellant has no stake in the plan and therefore cannot object to it.

Class appellant contends that it will in fact be affected by the plan. The focal point of class appellant's argument is that the affirmation of the Bankruptcy Court's disallowance of its claim in *Certified Class I* is now on appeal to the Eleventh Circuit Court of Appeals. According to class appellant, "[t]he certified class is vigorously pursuing the appeal because its counsel believes that the Eleventh Circuit will rule that the claim should not have been disallowed." *See* Appellants' Supplemental Memorandum of Law in Opposition to Appellees' Motion to Dismiss Appeal, at p. 4. Characterizing its claim as "unresolved," class appellant claims that the pendency of the appeal in *Certified Class I* is sufficient to classify it as a party in interest under 11 U.S.C. § 1128(b). As an interested party, then, it can appeal the confirmation order. This argument, however, runs counter to the law of the case doctrine.

The law of the case doctrine has been described as "an amorphous concept." *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). It is well-settled, however, that under this precept decisions by an appellate court are binding upon all subsequent proceedings in the same case, absent exceptional circumstances. *Joshi v. Florida State University Health Center*, 763 F.2d 1227, 1231–32 (11th Cir.1985), *cert. denied*, 474 U.S. 948, 106 S.Ct. 347, 88 L.Ed.2d 293 (1985); *Piambino v. Bailey*, 757 F.2d 1112, 1120 (11th Cir.1985), *cert. denied* 476 U.S. 1169, 106 S.Ct. 2889, 90 L.Ed.2d 976; *Wheeler v. City of Pleasant Grove*, 746 F.2d 1437, 1440 (11th Cir.1984). As the Fifth Circuit Court

---

**3.** "[A] person who seeks to appeal an order of the bankruptcy court must be 'directly affected pecuniarily' by it." *Kane v. Johns–Manville*

*Corp.*, 843 F.2d 636, 641 (2d Cir.1988) (citations omitted).

of Appeals observed in *White v. Murtha,* 377 F.2d 428, 431 (5th Cir.1967) (footnotes omitted):

> The "law of the case" rule is based on the salutary and sound public policy that litigation should come to an end. It is predicated on the premise that "there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions or speculate of chances from changes in its members," and that it would be impossible for an appellate court "to perform its duties satisfactorily and efficiently" and expeditiously "if a question, once considered and decided by it were to be litigate[d] anew in the same case upon any and every subsequent appeal" thereof.

The law of the case doctrine "comes into play only with respect to issues previously determined." *Quern v. Jordan,* 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139, 1148 n. 18, 59 L.Ed.2d 358 (1979). The issues, however, do not have to be determined explicitly because the law of the case "applies to issues decided by necessary implication." *Gaines v. Dougherty County Board of Education,* 775 F.2d 1565, 1568 (11th Cir. 1985); *accord Conway v. Chemical Leaman Tank Lines, Inc.,* 644 F.2d 1059, 1062 (5th Cir. Unit A 1981).

A corollary of the law of the case doctrine mandates, as a general rule, that one panel of appellate tribunal not revisit questions which another panel has decided on a prior appeal in the same case. *In re Sonoma,* 34 B.R. 758, 760 (9th Cir.BAP 1983). A district court which hears an appeal of a decision of the Bankruptcy Court sits as an appellate court. *See In re Neis,* 723 F.2d

584, 588 (7th Cir.1983).[4] Since this appeal emanates from the same case which gave rise to the appeal in *Certified Class I,* and is properly viewed as a subsequent appeal, this Court, in its appellate capacity, must follow the law of the case set down by the Court in *Certified Class I.* Stated another way, this Court, absent a change in circumstances, must not reconsider issues expressly or impliedly resolved in the earlier appeal.[5]

In *Certified Class I,* Judge Moore expressly decided that class proofs of claim are not allowable in bankruptcy proceedings. By necessary implication, he determined that class appellant was not a party in interest under 11 U.S.C. § 1128 when the plan was confirmed. To hold that a party without a cognizable claim qualifies as a party in interest who can object to the confirmation of the plan requires a leap in logic that this Court is unwilling to take.[6] Absent a claim, class appellant was not an interested party when the order of confirmation entered and is not now " 'directly and adversely affected pecuniarily' " by the plan. *Kane,* 843 F.2d at 641.[7] Class appellant, therefore, has no standing to pursue this appeal.

## III. INDIVIDUAL MEMBERS OF THE CLASS

It appears that two members of the class properly filed separate, individual proofs of claim. The parties agree that the Bankruptcy Court did not enter an order disallowing these individual claims. The reorganization plan, however, does not provide compensation for the individual claimants. Individual appellants assert that they, standing alone without the class, are

---

**4.** A district court's authority in such cases derives from Bankruptcy Rule 8013:

> On an appeal the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.

**5.** If this appeal were viewed as a "different case," the Court would be compelled by the doctrine of collateral estoppel to reach an identical conclusion.

**6.** The same rationale applies to Judge Moore's alternative holding that even if class claims are

allowable, this particular party filed its claim untimely.

**7.** Class appellant's vigorous pursuit of its appeal in *Certified Class I* expand the bounds of this Court's review as drawn by the case of the law doctrine. Should class appellant prevail above, a remedy will have to be fashioned which will accommodate its claim. Any objection to that remedy would then be ripe for an appeal. This Court cannot speculate as to the outcome of the appeal in *Certified Class I* or structure a contingent remedy for class appellant.

parties in interest because consummation of the plan serves to discharge their claims. *See* 11 U.S.C. § 1141(d).[8]

While the individual claimants may in fact have a stake in the plan, and might otherwise have standing to appeal the confirmation order, they are not parties to this appeal as a matter of law. The notice of appeal shows that the appeal was taken on behalf of the certified class and "certain individual members thereof." The individual members were not named. A recent decision handed down by the Supreme Court teaches that the notice of appeal in this case lacks requisite specificity.

In *Torres v. Oakland Scavenger Co.,* —— U.S. ——, ——, 108 S.Ct. 2405, 2407, 101 L.Ed.2d 285 (1988), the Supreme Court held that under the specificity requirement of Fed.R.App.P. 3(c), "[t]he failure to name a party in a notice of appeal is more than excusable 'informality,' it constitutes a failure of that party to appeal." The Court rejected the notion that the use of "et al." in the notice of appeal sufficiently indicates a party's intention to appeal:

> The purpose of the specificity requirement of Rule 3(c) is to provide notice both to the opposition and to the court of the identity of the appellant or appellants. The use of the phrase "et al." ... utterly fails to provide such notice to either intended recipient. Permitting such vague designation would leave the appellee and the court unable to determine with certitude whether a losing party not named in the notice of appeal should be bound by an adverse judgment or held liable for costs or sanctions.

*Id.* at ——, 108 S.Ct. at 2409.

Fed.R.App.P. 3(c) provides in pertinent part that a notice of appeal "shall specify the party or parties taking the appeal."

The requirements for a notice of appeal in bankruptcy is governed by Bankruptcy Rule 8001(a), and they appear to be more stringent than Rule 3(c). The relevant portion of Rule 8001(a) states: "The Notice of Appeal ... shall contain the names of all the parties to the judgment, order, or decree appealed from and the name, addresses and telephone numbers of their respective attorneys...." It is thus clear that the failure of appellants to name the individual members of the class in the notice of appeal foils their attempted appeal of the confirmation order even though they might otherwise qualify as interested parties.[9]

## IV. MOOTNESS

Assuming arguendo that class appellant was an interested party who could have objected to the confirmation of the plan, and that class appellant has standing to take this appeal, the Court finds that the appeal is nevertheless moot. A brief discussion of the mootness issue follows.

### A. Arguments of the Parties

Appellees state that the Order of the Bankruptcy Court confirming the reorganization plan authorized them to consummate their plan, that appellants did not obtain a stay of the order pending appeal, and that the plan has been substantially consummated; therefore, this appeal is moot. In support of its position, appellees submit the affidavit of K.C. Caldabaugh, executive vice president and chief financial officer of The Charter Company. He states that on March 31, 1987, appellees consummated the plan approved by the Bankruptcy Court by completing various transactions with American Financial Corporation ("AFC") described in a press release issued by Charter on March 31, 1987 (attached to deposition

---

8. Of course, individual appellants also assert that they are interested parties for the same reasons the class appellant asserts it should be viewed as an interested party. The additional argument posited for viewing the individuals as "interested," that is, consummation of the plan acts to discharge their claims, tends to implicitly support this Court's reasoning in part II *supra.* Appellants cannot argue that the consummation of the plan extinguishes the class claim. The appellant class has no claim.

9. This conclusion is consistent with the underlying policy of the *Torres* decision. In a bankruptcy proceeding as complex as this, specificity of the parties involved in a particular proceeding is essential to allow the parties and the Court to dispose of claims in a complete and precise manner.

as Exhibit A). These transactions include the following:

(1) Charter's issuance of $66.7 million in principal of 12% subordinated sinking fund debentures due 1999;

(2) Charter's issuance of $60 million in principal amount of 10.25% increase rate senior notes due 1994;

(3) Charter's issuance of 30,963,598 additional shares of common stock;

(4) Delivery to appellees' escrow agent of the cash, debentures, and common stock for distribution to the appellees' creditors and equity securities holder pursuant to the plan;

(5) Delivery to AFC of 50.5% of Charter's common stock;

(6) Delivery to AFC of the senior notes; and

(7) The offer of AFC to purchase up to $24.7 million in principal amount of the debentures from creditors who received such debentures pursuant to the plan.

In addition to these transactions and in conjunction with the consummation of the plan, three members of Charter's board of directors resigned and three representatives of AFC were elected to Charter's Board.

Appellants vigorously take issue with appellees' position that the above-listed actions consummate the plan, rendering this appeal moot. Appellants argue, in essence, that the evidence submitted by appellees is inadequate to prove that the plan has been so completely consummated that no judicial relief can be granted. The thrust of appellants' argument is that the affidavit of K.C. Caldabaugh provides an insufficient factual basis upon which the Court can conclude that the plan has in fact been consummated. Appellants claim that the affidavit lacks detail and is "self-serving." It is not clear, appellants contend, whether the sworn statement of K.C. Caldabaugh is based upon personal knowledge, or rather, on the information contained in the press release. Finally, appellants assert that even if the above-mentioned steps have been taken to consummate the plan, the Court can grant meaningful relief should appellants prevail on the merits of this appeal.

### B. Discussion

The correct standard by which to determine the mootness issue in a bankruptcy appeal is "whether the reorganization plan has been so substantially consummated that effective relief is no longer available." *Miami Center Ltd. Partnership v. Bank of New York,* 820 F.2d 376, 379 (11th Cir. 1987). Failure of the appellants to obtain a stay pending appeal does not *per se* moot the appeal. *In re Matos,* 790 F.2d 864 (11th Cir.1986). In deciding whether effective relief is available, a court must examine the proposed relief's "potential impact on the reorganization scheme as a whole." *In re AVO Industries,* 792 F.2d 1140, 1148–49 (D.C.Cir.1986). An appellate court should refrain from reversing a bankruptcy court's order if property of the estate has been transferred or if reversal would endanger the viability of the plan. *Miami Center,* 820 F.2d at 379; *In re Sewanee Land, Coal & Cattle, Inc.,* 735 F.2d 1294 (11th Cir.1984).

■ As an initial matter, the Court finds that appellants' attack on the affidavit of K.C. Caldabaugh is without merit. Mr. Caldabaugh clearly states that he is familiar with "the Plan, the Orders and matters pertaining thereto." He declares that he has personal knowledge of the matters set forth in the affidavit. Further, he adopts the press release as reflective of his own knowledge with respect to the transactions which were carried out in consummation of the plan. The Court, moreover, can permissibly and reasonably infer from Mr. Caldabaugh's position as executive vice president and chief financial Officer of The Charter Company, that he has personal knowledge of the information set forth in the press release.

Mr. Caldabaugh's affidavit evidences the fact that property of the debtor's estate has been transferred. While appellants argue that the transactions which have already occurred would not have to be disturbed for the Court to grant relief, the reality of the business world suggests oth-

erwise. Appellants' specific suggestion that American Financial Corporation ("AFC") and certain of its subsidiaries could be required to increase the consideration given in exchange for its controlling interest in the debtor corporation underestimates and oversimplifies the complexity of the plan itself. Tinkering with the consideration exchanged by AFC could indeed undermine the plan and jeopardize its viability.

The Court finds that reversal in whole or in part of the order confirming the reorganization plan cannot be accomplished due to the transfer of property which has occurred and the adverse effect such reversal would have on the plan.

## V. CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED:

1. That appellees' Motion to Dismiss Appeal is hereby granted; and

2. That this appeal is hereby dismissed.