**STORAGE TECHNOLOGY CORPORATION; Storage Technology de Puerto Rico, Petitioners,**

v.

**U.S. DISTRICT COURT FOR the DISTRICT OF COLORADO, Respondent.**

**Comite Pro Rescate, et al., Real Parties In Interest.**

**No. 90–1342.**

United States Court of Appeals, Tenth Circuit.

May 23, 1991.

Nancy J. Gegenheimer of Holme, Roberts & Owen, Denver, Colo., for petitioners.

John R. Holland, Denver, Colo., and Michael E. Withey, Seattle, Wash., for real parties in interest.

Before LOGAN, MOORE and BALDOCK, Circuit Judges.

PER CURIAM.

Petitioners seek an order of this court directing the district court to dismiss all the respondents (would-be appellants in the district court on appeal from a decision of the bankruptcy court) not named in the notice of appeal. We grant the petition for writ of mandamus.[1]

Plaintiffs Storage Technology Corporation and Storage Technology de Puerto Rico, Inc. (STC) filed a complaint in the United States Bankruptcy Court for the District of Colorado on December 21, 1987, against approximately sixty-eight individuals, and an organization, collectively Comite Pro Rescate de la Salud, et al. (CPR).[2]

The action brought by STC sought to restrain CPR from further prosecuting claims discharged in the bankruptcy action and to obtain a declaratory judgment "determining that the Plan and the Confirmation Order have fully and completely discharged all claims of the defendants against the Debtors ... to the extent that such claims ... arise out of any conduct ... which occurred prior to June 18, 1987." Reply to Respondent–Litigant's [sic] Supplement to Record, ex. A, at 6. An amended complaint adding additional defendants was filed January 7, 1988.

The bankruptcy court granted summary judgment for STC in August of 1988, CPR appealed, and the district court reversed and remanded the matter for further proceedings. A second amended complaint was filed September 29, 1989. Following a trial held in January and February of 1990, the bankruptcy court on July 18, 1990, again entered judgment in favor of STC. *Storage Technology Corp. v. Comite Pro Rescate De La Salud (In re Storage Technology Corp.),* 117 B.R. 610 (Bankr.D.Colo. 1990).

The body of the notice of appeal to the district court reads in part as follows:

Comite Pro Rescate de la Salud, et al., and all the Defendants of record herein, appeal to the District Court for the District of Colorado from the Judgment, Memorandum Opinion and Order of the Bankruptcy Court, Judge Roland J. Brumbaugh, filed on July 18, 1990, and received by defendants on July 23, 1990.

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. The Comite is "a nonprofit organization established to promote better health standards for workers and citizens of Mayaguez [Puerto Rico]. It was organized on March 10, 1985, and some of its members are plaintiffs in this case [an action filed in Puerto Rico], as well as other citizens of the area." Application for Writ of Mandamus, tab B.

The caption of the notice recites the names of the plaintiffs-appellees as "Storage Technology Corporation and Storage Technology de Puerto Rico, Inc." and of the defendants-appellants as "Comite Pro Rescate, et al."

STC moved to dismiss the appeal as to all defendants not specifically named in the notice of appeal.[3] STC also moved to dismiss the appeal as moot on the ground that no meaningful relief could be granted the Comite as the only appellant.

Following a hearing, the district court denied the motion, holding that "if the Tenth Circuit were to rule on this particular caption and this particular notice of appeal that they would also decide that there is no ambiguity, and 'all of the defendants of record herein' does indeed mean all the defendants in the case that is being appealed from." The court further stated her "opinion that the Tenth Circuit would follow the more broad interpretation of the Second, Ninth and Third" Circuits. Application for Writ of Mandamus, ex. C, Tr. of Hearing on Motion to Dismiss held November 15, 1990, at 7–8. This petition followed.

We review our jurisdiction to entertain a petition for writ of mandamus under 28 U.S.C. § 1651. As recently explained by the Supreme Court in *Mallard v. United States District Court*, 490 U.S. 296, 109 S.Ct. 1814, 1822, 104 L.Ed.2d 318 (1989):

"The traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Assn.*, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943). See also *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661, 98 S.Ct. 2552, 2556, 57 L.Ed.2d 504 (1978); *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976); *Will v.*

*United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967). Mallard alleged that the District Court did not lawfully exercise its jurisdiction in appointing him and that the Court of Appeals should therefore order the District Court to grant his motion to dismiss his appointment; he did not seek to compel the District Court to exercise some authority it wrongfully declined to use. Although "we have not limited the use of mandamus by an unduly narrow and technical understanding of what constitutes a matter of 'jurisdiction,'" *Kerr, supra*, 426 U.S. at 402, 96 S.Ct., at 2124; see *Will v. United States, supra*, 389 U.S., at 95, 88 S.Ct., at 273 we have required that petitioners demonstrate a "clear abuse of discretion," *Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 383, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953), or conduct amounting to "usurpation of [the judicial] power," *De Beers Consolidated Mines, Ltd. v. United States*, 325 U.S. 212, 217, 65 S.Ct. 1130, 1133, 89 L.Ed. 1566 (1945), to be entitled to issuance of the writ. To ensure that mandamus remains an extraordinary remedy, petitioners must show that they lack adequate alternative means to obtain the relief they seek, see, *e.g.*, *Kerr, supra*, 426 U.S., at 403, 96 S.Ct. at 2124; *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980) (*per curiam*), and carry "the burden of showing that [their] right to issuance of the writ is 'clear and indisputable.'" *Bankers Life, supra*, 346 U.S. at 384, 74 S.Ct. at 148, quoting *United States v. Duell*, 172 U.S. 576, 582, 19 S.Ct. 286, 287, 43 L.Ed. 559 (1899).

■ We have limited issuance of mandamus writs to "'those exceptional cases where the inferior court acted wholly without jurisdiction or so clearly abused its discretion as to constitute usurpation of

---

**3.** In *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), the Supreme Court rejected the use of "et al." as insufficient to confer jurisdiction over a party not specifically named in a notice of appeal, *id.* at 317, 108 S.Ct. at 2409, holding that the "specificity requirement of [Fed.R.App.P.] 3(c) is met only by some designation that gives fair notice of the specific individual or entity seeking to appeal." *Id.* at 318, 108 S.Ct. at 2409.

power.'" *United States v. Carrigan*, 804 F.2d 599, 602 (10th Cir.1986) (quoting *In re Dalton*, 733 F.2d 710, 716 (10th Cir.1984)), *cert. dismissed*, 469 U.S. 1185, 105 S.Ct. 947, 83 L.Ed.2d 959 (1985). *See also United States v. Carrigan*, 778 F.2d 1454, 1466 (10th Cir.1985).

At issue in this case is whether the district court's jurisdiction must be properly confined to only that party named in the notice of appeal. If the notice of appeal failed to adequately describe all the appealing parties, then the district court lacks jurisdiction over the appeal by those unnamed parties. *Torres, supra*, 487 U.S. at 317, 108 S.Ct. at 2409. We hold that review by mandamus is appropriate.

Bankruptcy Rule 8001(a) reads in part:

The notice of appeal *shall conform substantially to Official Form No. 35, shall contain the names of all parties to the judgment, order or decree appealed from* and the names, addresses and telephone numbers of their respective attorneys, and be accompanied by the prescribed fee. Each appellant shall file a sufficient number of copies of the notice of appeal to enable the clerk of the bankruptcy court to comply promptly with Rule 8004.

(Emphasis added.) Fed.R.App.P. 3(c), on the other hand, states:

(c) Content of the Notice of Appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. Form 1 in the Appendix of Forms is a suggested form of a notice of appeal. An appeal shall not be dismissed for informality of form or title of the notice of appeal.

The requirements for filing a notice of appeal under Bankruptcy Rule 8001(a) are more strict than those of Fed.R.App.P. 3(c). *See Certified Class in the Chartered Sec. Litig. v. The Charter Co. (In re The Charter Co.)*, 92 B.R. 510, 514 (M.D.Fla.1988) (requirements for notice of appeal under Bankruptcy Rule 8001(a) appear more stringent than Fed.R.App.P. 3(c)). It is also clear that the notice of appeal in this case does not comply with Rule 8001(a), because it does not name "all the parties to the judgment, order, or decree appealed from." [4] The rules for filing a notice of appeal are mandatory and jurisdictional. *Pratt v. Petroleum Prod., Management Inc. Employee Sav. Plan & Trust*, 920 F.2d 651, 654 (10th Cir.1990); *Former Frontier Pilot Litig. Steering Comm., Inc. v. Frontier Airlines, Inc. (In re Frontier Airlines, Inc.)*, 108 B.R. 277, 278 (D.Colo.1989), citing *National Acceptance Corp. of Am. v. Price (In re Colorado Energy Supply, Inc.)*, 728 F.2d 1283, 1285 (10th Cir.1984). *See also Concord Resources, Inc. v. Woosley (In re Woosley)*, 855 F.2d at 688.

In *Laidley v. McClain*, 914 F.2d 1386, 1389 (10th Cir.1990), we held that "the failure to specifically designate a party somewhere in the notice of appeal is a jurisdictional bar to that party's appeal." We rejected the use of " 'plaintiffs hereby appeal,' when combined with an 'et al.' designation of some of the plaintiffs" as subject to the interpretation either that all of the plaintiffs intended to appeal or that less than all plaintiffs intended to be appellants. *Id.* Likewise, in *Pratt v. Petroleum Production*, 920 F.2d at 654, we held the phrase "defendants above named hereby appeal" in conjunction with an "et al." to be insufficient to meet the specificity requirements of Fed.R.App.P. 3(c) and

---

**4.** Courts have also applied *Torres* in bankruptcy matters. *E.g., Concord Resources, Inc. v. Woosley (In re Woosley)*, 855 F.2d 687, 688 (10th Cir.1988) (*Torres* controls appeal from bankruptcy court to district court; failure to list would-be appellant law firm presented jurisdictional bar to district court's hearing appeal); *Chicago Bank of Commerce v. Amalgamated Trust & Savs. Bank (In re Memorial Estates, Inc.)*, 1990 WL 37622, 1990 U.S. Dist. LEXIS 3439 (N.D.Ill. Mar. 22, 1990) (*Torres* requires motion to amend be filed within time for filing notice of appeal under Bankruptcy Rule 8002, where would-be appellant not named in appeal); *Certified Class in The Chartered Sec. Litig. v. The Charter Co. (In re The Charter Co.)*, 92 B.R. at 514 (appeal from bankruptcy court order properly dismissed as to unnamed individuals based on *Torres* and Bankruptcy Rule 8001(a)).

*Torres.* We relied in *Pratt,* as we had in *Laidley,* on *Minority Employees of Tennessee Department of Employment Securities, Inc. v. Tennessee Department of Employment Securities,* 901 F.2d 1327, 1330 (6th Cir.) (en banc), *cert. denied,* —— U.S. ——, 111 S.Ct. 210, 112 L.Ed.2d 170 (1990) (name of each and every party taking appeal must be included in notice of appeal) and *Rosario–Torres v. Hernandez–Colon,* 889 F.2d 314, 317 (1st Cir.1989) (en banc) (court lacked jurisdiction over appeals sponsored by would-be appellants not specified in timely notice of appeal). Finally, in *Hubbert v. City of Moore,* 923 F.2d 769, 772 (10th Cir.1991), we recognized that "defects in a notice of appeal may be remedied by filing other documents supplying omitted information." However, the corrective documents must be filed "within a time limit for filing a notice of appeal." *Id.* (distinguishing *Laidley v. McClain,* in which docketing statement was filed after time for filing appeal had expired). We concluded that the docketing statement, filed "before the deadline for filing a notice of appeal had passed," sufficed as the *Torres* "functional equivalent of what the rule requires." *Torres,* 487 U.S. at 316–17, 108 S.Ct. at 2408–09.

■ In this case, no document other than the notice itself was filed within the time for taking an appeal. Furthermore, there is no one document referenced in the notice of appeal in which the names of the appealing parties are found. *See Board of Educ. of Muhlenberg County v. United States,* 920 F.2d 370, 371 n. 1 (6th Cir.1990) (notice of appeal adequate where school board and one plaintiff teacher and "the other 107 named plaintiffs" appeared in both caption and body of the notice and body listed "and the other 107 individual plaintiffs listed in the Complaint herein.").

There were three complaints filed in the bankruptcy court in this case, and no two list the same defendants. The notice of appeal filed by CPR includes no mention of any particular one of the complaints. Thus, the reviewing court is left to somehow determine the identity of "all the Defendants of record herein" absent any clear point of reference. The mischief created by this approach is exactly what *Torres* sought to eliminate by the requirement of listing the appealing parties.

In their opposition to the petition for writ of mandamus, CPR claims to have "referenced the Amended Complaint by the designation 'and all defendants of record herein.'" Respondents' Opposition to Application for Writ of Mandamus, at 12. The notice of appeal in fact contains no such specific reference, nor does CPR explain why the *second* amended complaint (rather than the amended complaint) is not controlling of the identity of all the defendants of record. This case illustrates why an appellate court cannot be relegated to the vagaries of belatedly trying to determine who the appropriate appealing parties may be.

■ The teachings of *Laidley, Pratt,* and *Hubbert* are that each and every appealing party must be specifically named in the notice of appeal or in a functionally equivalent document properly listing the appealing parties and filed within the appeal period. The notice of appeal in this case does not meet these requirements.

Accordingly, we GRANT the petition for writ of mandamus and direct the district court to DISMISS as parties in district court case No. 90–Z–1356 all appellants except the Comite Pro Rescate de la Salud.