**In re SOUTHOLD DEVELOPMENT CORP.**

**No. CV 91–2012.**

United States District Court, E.D. New York.

Jan. 28, 1992.

---

Andrew J. Maloney, U.S. Atty. by Patricia C. Henry, Asst. U.S. Atty., Brooklyn, N.Y., for the U.S.

Meltzer, Lippe, Goldstein & Wolf, P.C. by John Westerman, Mineola, N.Y., for debtor.

Cadwalader, Wickersham & Taft, by Mark Jacobs, New York City, for creditors' committee.

Phillips, Nizer, Benjamin, Krim & Ballon, by Louis A. Scarcella, Garden City, N.Y., for County of Suffolk, State of N.Y.

Bertram E. Hirsch, Floral Park, N.Y., for Robins Island Preservation Fund, Inc.

Teitelbaum, Braverman & Borges, by Ted Donovan, Great Neck, N.Y., for Robis Corp.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

The above referenced action arises from the efforts of Southold Development Corp. ("SDC"), a corporation in bankruptcy, to sell Robins Island, one of the last parcels of undeveloped, pristine property in Suffolk County. Now before the Court is SDC's motion to dismiss the appeal of Robins Island Preservation Fund ("RIPF") from the May 28, 1991 Order of the Bankruptcy Court confirming the Second Amended Plan for the Reorganization of Debtor ("Confirmation Order") on the grounds of lack of standing and/or collateral estoppel. In the alternative, SDC moves to vacate the stay of the briefing schedule in the appeal. For the reasons discussed below, SDC's motion to dismiss is granted.

## BACKGROUND

In 1990, RIPF, a not-for-profit Delaware corporation, brought suit seeking a declaration as to its alleged ownership rights to more than seventy percent of Robins Island. RIPF's claim is based on the contention that New York State, in violation of certain United States treaties, improperly confiscated Robins Island in 1779 from RIPF's alleged predecessors-in-interest. On a motion for summary judgment, this Court denied RIPF's claim on the merits, due to the expiration of the applicable statute of limitations, and on the basis of laches and public policy. *Robins Island Preservation Fund v. Southold Dev. Corp.*, 755 F.Supp. 1185 (E.D.N.Y.1991) (appeal pending) (the "prior adjudication" or "*RIPF v. SDC*").

Subsequently, RIPF filed a proof of claim in bankruptcy court as to its alleged ownership interest in Robins Island. On the basis of the prior adjudication, the bankruptcy court expunged RIPF's claim in its Confirmation Order and RIPF appealed that Order to this Court.

## DISCUSSION

As stated above, although *RIPF v. SDC* clearly denied RIPF's claim to any ownership interest in Robins Island, RIPF subsequently filed a proof of claim in bankruptcy court and then appealed from the Confirmation Order which expunged its claim. RIPF apparently took these actions in the belief that they will somehow provide additional protection to its ownership interest in Robins Island in the event the Second Circuit reverses this Court's decision in the prior adjudication. SDC moves to dismiss RIPF's appeal because RIPF lacks standing since it is not a "party in interest" in this case and, alternatively, on the basis of collateral estoppel.

Only a "party in interest may object to confirmation of a plan." 11 U.S.C. § 1128(b). The Second Circuit has held that although the term "party in interest" is not defined in the Bankruptcy Code, it must necessarily refer to either a creditor or a debtor. *In re Comcoach Corp.*, 698 F.2d 571, 573 (2d Cir.1983).

RIPF relies on the following cases for the proposition that those challenging the inclusion of property in the estate of the debtor are "parties in interest": *Kane v. Johns–Manville Corp.*, 843 F.2d 636 (2d Cir.1988); *In re Cohoes Industrial Terminal Inc.*, 70 B.R. 214 (S.D.N.Y.1986); *In re Fidelity American Mortgage Co.*, 19 B.R. 568 (E.D.Pa.1982); *In re Smith*, 7 B.R. 106 (W.D.N.Y.1980). Of these cases, only *Kane* is apposite, and it granted standing to the appellant only because he *was* a creditor and thus the confirmation order "directly affect[ed] his pecuniary interests." *Kane*, 843 F.2d at 643. Because this Court has already determined that RIPF has no property interest in Robins Island, RIPF is neither a creditor nor a debtor in the underlying case and therefore has no standing to object to the Confirmation Order. *See In re Charter Co.*, 92 B.R.

510, 512–13 (M.D.Fla.1988) (applying doctrine of "law of the case" to dismiss appeal of confirmation order where the same court had previously held that appellant had no cognizable claim).[1]

Even assuming, *arguendo*, that RIPF does have standing, this Court would dismiss its appeal by application of the doctrine of collateral estoppel because the precise issue of RIPF's property interest in Robins Island was argued and necessarily determined in the *RIPF v. SDC*. *See Niagara Frontier Tariff Bureau Inc. v. United States*, 826 F.2d 1186, 1189–90 (2d Cir.1987) (discussing criteria for application of collateral estoppel).[2]

RIPF correctly notes that collateral estoppel will not be applied when there is an "overriding issue of fairness to a litigant." *Blonder–Tongue v. University Foundation*, 402 U.S. 313, 325, 91 S.Ct. 1434, 1440, 28 L.Ed.2d 788 (1971) (quoting *Bruszewski v. United States*, 181 F.2d 419, 421 (3d Cir.), *cert. denied*, 340 U.S. 865, 71 S.Ct. 87, 95 L.Ed. 632 (1950)). However, when the Supreme Court examined the issue of fairness in the application of collateral estoppel in *Parklane Hosiery Co. Inc. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979), the examples it gave of circumstances in which a court should use its discretion to bar the use of collateral estoppel all pertained to the parties' ability to fully and fairly litigate the issue in the first action. RIPF does not, and cannot contend that it lacked a full and fair opportunity to litigate the issue of its alleged ownership interest in Robins Island in the prior adjudication. Consequently, even if the application of collateral estoppel could, at least theoretically, cloud RIPF's ownership interest in Robins Island in the event that the Second Circuit reverses this Court's decision in *RIPF v. SDC.*, nevertheless the doctrine of collateral estoppel should be applied.[3]

1. This Court was willing to grant a stay of its decision in *RIPF v. SDC* if RIPF would post a $5,000,000 bond. However, RIPF declined to do so. Therefore that decision must be given full force and effect.

2. Under New York law, the pendency of an appeal does not alter the collateral estoppel effect of a prior judgment. *Miller v. Garrett*, 695 F.Supp. 740, 747 n. 4 (S.D.N.Y.1988).

3. The Court notes that on May 14, 1991, RIPF stated that in the event the Second Circuit re-

## CONCLUSION

Accordingly, for the foregoing reasons, SDC's motion to dismiss RIPF's appeal of the Confirmation Order is granted.

SO ORDERED.

verses this Court in *RIPF v. SDC,* RIPF would be able to evict SDC or its successor in interest from Robins Island. *See* Order of RIPF to Motion for Order Expunging Claim of RIPF. Moreover, SDC's interest in the timely sale of Robins Island would be prejudiced by allowing the instant appeal to remain pending because implementation of the Plan has been stayed pending the resolution of all appeals from the Confirmation Order.