**BOARD OF EDUCATION OF MUHLENBERG COUNTY, KENTUCKY, et al., Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 90–5131.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 4, 1990.

Decided Dec. 3, 1990.

Jeremiah A. Collins (argued), John Rothchild, Bredhoff & Kaiser, Washington, D.C., James C. Hickey, B. Carlton Neat, III, MacKenzie & Peden, Louisville, Ky., John J. Slattery, Jr., Kentucky Educ. Ass'n, Frankfort, Ky., for plaintiffs-appellants.

Joseph M. Whittle, U.S. Atty., Suzanne M. Warner, Richard A. Dennis, Asst. U.S. Attys., Office of the U.S. Atty., Louisville, Ky., Stuart D. Gibson, U.S. Dept. of Justice, Tax Div., Gary R. Allen, Acting Chief, David English Carmack, Laura Marie Conley O'Hanlon, Bruce R. Ellisen (argued), U.S. Dept. of Justice, Appellate Section, Tax Div., Washington, D.C., for U.S.

Before: MERRITT, Chief Judge; JONES and WELLFORD, Circuit Judge.

MERRITT, Chief Judge.

This is an appeal from a summary judgment for the United States in an action by a school system and its teachers to recover Medicare taxes alleged to have been improperly collected by the IRS. The case is one of first impression and requires a construction of the 1986 Act extending Social Security and Medicare to state and local government employees. The plaintiffs, the Board of Education of Muhlenberg County and 108 of its teachers,[1] brought this action against the United States, seeking both a judgment in the amount of the Medicare taxes collected and declaratory relief. The question, as further explained below, is whether three small school systems and their teachers lose their "continuing current employment" exemption from the tax upon a consolidation. The District Court, 724 F.Supp. 472, held that the tax was proper and granted summary judgment in favor of the United States. For the reasons set forth below we reverse.

The facts of the case are simple. Until July 1, 1986, Muhlenberg County, in a rural area of Western Kentucky a few miles northwest of Bowling Green, Kentucky had three school districts: the Muhlenberg County School District, the Central City Independent School District, and the Greenville Independent School District. All three districts were consolidated into one postconsolidation district called the Muhlenberg County School District governed by the Muhlenberg County Board of Education. The newly consolidated Muhlenberg County School District assumed all the assets and liabilities of the three pre-consolidation districts, including the contractual obligations of the former districts, but retained the federal employee identification number of the old Muhlenberg County system. State law preserved the employment status of all teachers so that each teacher re-

---

1. After oral argument the Court raised, *sua sponte,* the issue whether the plaintiffs were designated specifically enough in the Notice of Appeal to meet the requirements of *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), as interpreted by *Minority Employees of Tennessee Dep't of Employment Sec., Inc. v. State of Tenn., Dep't of Employment Sec.,* 901 F.2d 1327 (6th Cir.1990).

We concluded that the plaintiffs were properly before the Court. Listed in the caption and in the body of the Notice of Appeal are the school board name and the name of one plaintiff teacher and the phrase "the other 107 named Plaintiffs." The names of the other 107 named plaintiffs are incorporated in the Notice of Appeal by reference to the list of names in the Complaint.

tained accumulated sick-leave days and those teachers employed on a continuing contract (tenure) retained their continuing contract status.[2] The plaintiff teachers, as well as the teachers of the former Muhlenberg County School District, had no interruption of employment, no termination, and no transfer. The teachers in all three districts continued in the same fashion as they had before the consolidation. In addition, each of the pre-consolidation school boards was given representation on the post-consolidation school board.

The Government viewed the old Muhlenberg County system as continuing to exist after the consolidation but considered the Greenville and Central City systems to have been dissolved. The IRS notified the newly consolidated district in July 1986 that all the teachers who had been employed in the Greenville and Central City schools before consolidation would be considered as newly hired by the Muhlenberg County system. As a result, both they and the school system would be subject to the federal Medicare tax mandated by 26 U.S.C. §§ 3101(b), 3111(b) (1988). The IRS treated the teachers of the old Muhlenberg system as continuing employees and not subject to the tax. Thus the newly consolidated Muhlenberg County system was not subject to the tax for those teachers.

\* \* \*

The law to be applied in this case seems straightforward. Before 1986, state and local government employment was not covered by Social Security (Social Security benefits and Medicare) except under voluntary agreements. H.R.Rep. No. 241, 99th Cong., 1st Sess., pt. 1, at 25–27, *reprinted in* 1986 U.S.Code Cong. & Admin.News 42, 579, 603–605 ["House Report"]. Congress extended the Medicare part of the coverage to state and local government employees, effective in 1986, and imposed a tax on the employees, 26 U.S.C. § 3101(b), and their employers, 26 U.S.C. § 3111(b). Congress recognized, however, the "concerns among State and local governments about the fi-

nancial burden that mandatory medicare coverage for all their employees might represent." House Report at 604. It thus provided an "[e]xception for current employment which continues." 26 U.S.C. § 3121(u)(2)(C) (1988).

The interpretation of the continuing employment exception and another provision which defines entities as separate employers lies at the heart of the dispute between the United States and the plaintiffs. The text of the exception reads as follows:

*(C) Exception for current employment which continues*

Service performed for an employer shall not be treated as employment by reason of subparagraph (A) if ...

(ii) such service is performed by an individual—

(I) who was performing substantial and regular service for remuneration for that employer before April 1, 1986,

(II) who is a bona fide employee of that employer on March 31, 1986, and

(III) whose employment relationship with that employer was not entered into for purposes of meeting the requirements of this subparagraph; and

(iii) the employment relationship with that employer has not been terminated after March 31, 1986.

The House Report recognized the complex task that the Internal Revenue Service would face in "defining entities as separate employers." House Report at 604. The statute addresses the issue of when entities are to be considered as a single employer in 26 U.S.C. 3121(u)(2)(D) (1988):

*(D) Treatment of agencies and instrumentalities*

For purposes of subparagraph (C), under regulations—

(i) All agencies and instrumentalities of a State (as defined in section 218(b) of the Social Security Act) or of the District of Columbia shall be treated as a single employer.

---

2. Kentucky law preserves this employment status not only in a consolidation situation but generally when a teacher moves from one school district to another. *See* Ky.Rev.Stat.Ann. § 161.740(1)(c) (Baldwin 1986) (retention of continuing contract status) and Ky.Rev.Stat. Ann. § 161.155(3) (retention of accumulated sick-leave days).

(ii) All agencies and instrumentalities of a political subdivision of a State (as so defined) shall be treated as a single employer and shall not be treated as described in clause (i).

The House Report suggested that "generally ... employees who move between different jobs in different integral units of a State government ... would be considered continuously employed by the State." House Report at 604. In contrast, "employees who move from State government employment to a job with a local township, county or municipality, or vice versa, would be considered to be newly hired." *Id.*

The issue presented is whether the plaintiff teachers were newly hired by a different employer after the consolidation, therefore making them and the school board subject to the Medicare tax, or whether the teachers qualify for the continuing employment exception to the Medicare tax, 26 U.S.C. § 3121(u)(2)(C), therefore removing them and the school board from the ambit of the Medicare tax.

The plaintiffs argued first that the teachers qualify for the continuing employment exception because boards of education are state agencies under Kentucky law, thus making all boards of education in Kentucky a single employer and allowing employees to move from employment with one board to employment with another without any termination of employment. This argument relies on § 3121(u)(2)(D) which provides employees some mobility in allowing them to move from one unit of state government to another or one unit of local government to another without having changed employers. If school boards are state agencies as the plaintiffs argued, the teachers fall within the criteria of § 3121(u)(2)(C): the services performed for an employer must be by an individual who was doing substantial work "for that employer before April 1, 1986," the employee must have been "a bona fide employee of that employer on March 31, 1986," the relationship must not have been entered into in order to circumvent this provision, and the "employment relationship with that employer" must not have "been terminated after March 31, 1986."

In the alternative, the plaintiffs' second argument is that even if boards of education are not state agencies, the consolidation of the school districts did not create a new employer or discontinue or terminate the employment of the teachers; thus the teachers fit within the requirements of the continuing employment exception. This argument needs no reference to § 3121(u)(2)(D) because it assumes there has been no change from one employer to another, not even a lateral move of the kind that § 3121(u)(2)(D) allows.

The Government argued that school boards are not state agencies under Kentucky law but are instead independent political subdivisions, each being a separate employer. Thus the teachers formerly were employed by one political subdivision and currently are employed by a different political subdivision, making them fall outside the terms of the continuing employment exception. The Government attempted to refute the plaintiffs' alternative argument, that the consolidation did not create a new employer for purposes of § 3121(u)(2)(C), by arguing that the consolidation preserved the identity of the former Muhlenberg County School District but dissolved the former Greenville and Central City School Districts. In this view the plaintiff teachers were employed by a different employer, the Muhlenberg County Board, after the consolidation and are not eligible for the continuing employment exception.

The District Court conflated the two arguments. It reduced the questions to whether, under Kentucky law, school boards are agencies of the state. In this view of the case, the second issue raised by the plaintiffs, the effect of the merger or consolidation on the employment status of the plaintiff teachers, is subsumed into the first issue. After considering Kentucky law, the District Court ruled that school boards are not agencies of the state, although they may perform some state functions, that the Muhlenberg County Board is a new employer for purposes of

§ 3121(u)(2)(C), and that the teachers do not qualify for the continuing employment exception.

* * *

We believe the two questions are distinct and that the question whether the three school boards are state agencies under Kentucky law need not be addressed because the case can be decided most easily by an examination of the statute and of the policy underlying the continuing employment exception as that policy is articulated in the legislative history.[3]

The language of the disputed statutory provision, § 3121(u)(2)(C)(ii) and (iii), is spare. The words of its title are "[e]xception for current employment which continues." The text of subsection (ii) outlines three criteria: the services performed for an employer must be by an individual who was doing substantial work "for that employer before April 1, 1986," the employee must have been "a bona fide employee of that employer on March 31, 1986," and the relationship must not have been entered into in order to circumvent this provision. Subsection (iii) requires that the "employment relationship with that employer" not have "been terminated after March 31, 1986." The question is whether the consolidated system comes within the words "that employer" in subsections (ii) and (iii) so that the exemption is continued after consolidation.

The words, "that employer," in a narrow sense, suggest that the Government's argument that the plaintiffs do not fall within this exception is legitimate. The plaintiffs were employed by the Greenville or Central City School Districts before the consolidation; they are now employed by an entity called the Muhlenberg County Board of Education which includes by merger the other two districts. Any move beyond a narrow view of the language, however, raises the question whether, in the broader sense of the statute, the teachers were simply employed by the same employer with a new name. This is particularly true if the reader shifts focus from "that employer" to the substantive words of the provision: Employees need to have been doing "substantial and regular" work, they must be "bona fide employee[s]," and they must not have entered the employment relationship to meet the terms of the provision. In addition, the employment relationship must not have been terminated.

The language of the statute is unambiguous in the ordinary employment context involving an employee who quits or is terminated from one job and is hired for another. It is clear, however, that the statute does not expressly address an event in which two or more employers consolidate. Thus, even though both parties in this dispute reasonably can find support for their view from the statutory language, the bare language itself provides no certain answer to the question whether the plaintiff teachers were newly hired as a result of the consolidation. Therefore, we find it necessary to look to the legislative history, particularly to the policy behind the creation of the continuing employment exception.

The House Report explained the problem to be solved: the "drain" of the Medicare funds created by people who became eligible for hospitalization benefits without having contributed significantly and whose eligibility was not limited by their contributions. House Report at 603. The statute solved this problem by including under Medicare coverage and tax the formerly

**3.** Neither party has disputed that for purposes of state sovereign immunity the question whether Kentucky boards of education are agencies or instrumentalities of the State or whether they are political subdivisions is one of Kentucky law. In *Clevinger v. Board of Educ. of Pike County, Ky.*, 789 S.W.2d 5 (Ky.1990), the issue before the Kentucky Supreme Court was whether a local school board is "a state agency shielded by state sovereign immunity." 789 S.W.2d at 10. The court answered this question in the affirmative:

There has never been any question about the status of a local school board as an agency of state government, but, if there were, such is now beyond the realm of argument because of our decision in *Rose v. Council for Better Educ., Inc.*, [790 S.W.2d 186 (Ky.1989) ]. *Rose* recognizes public schools are a responsibility of the state, and local school boards exist simply as agencies of state government. · *Id.* at 10–11.

exempted state and local government employees. Since there were more than 13 million state and local government employees, one-third or more of whom were teachers, *see* Bureau of the Census, U.S. Department of Commerce, 1990 *Statistical Abstract of the United States* at 299 (Chart No. 487), the House Report noted that the new provision might create a new problem and recognized the need to address the financial hardship the provision could create for government entities which suddenly had to contribute the employer share. To mitigate this hardship, Congress provided for the gradual inclusion of state and local employees, a kind of reverse attrition, by applying the statute only to newly hired employees.[4] *Id.* at 604. The Report described the employees to be included in the mandatory coverage as "newly hired" and those exempted from the statute as employees who "ha[ve] in fact not been separated from [their] previous excluded employment." *Id.* The Report suggested there would be an effort to avoid the provision and emphasized the need for scrutiny to be sure the qualifying employment is legitimate. *Id.* This would seem to explain the statutory emphasis on bona fide employees performing regular and substantial service without termination prior to the cut off dates. The House Report further noted that moves within integral units of State government would not discontinue employment but that moves between state and local government would discontinue employment. *Id.* It emphasized that in difficult cases the independence of the second entity from the first would be decisive. *Id.* at 604–05.

In this legislative history we find an articulation of the purpose of the continuing employment exception. Congress recognized the need to address the financial burden that mandatory Medicare coverage for all their employees would create for state and local government entities. By including the continuing employment exception in the statute, Congress made a policy decision to protect state and local employers from the sudden tax impact that a general inclusion of such employees in Medicare coverage and tax would have. The House Report's explanation for the continuing employment exception suggests that it was not the intent of Congress to treat a merger or consolidation as creating a new employer for the purposes of this statute because such a treatment would create the same sudden financial burden on state and local governments that the exception was drafted to mitigate. Allowing a merger or consolidation to create a new employer for purposes of this statute would be inconsistent with the policy decision Congress made when it created the continuing employment exception. Congress was not attempting to deter good faith consolidation of local government entities for purposes of enhancing efficiency but rather to provide a gradual system of including employees in the Medicare system.

The validity of this policy argument is reinforced by two inconsistencies in the Government's argument. Although arguing that consolidation creates a new employer, the Government concedes that the old Muhlenberg school system is not affected by the consolidation and continues to enjoy the exemption. There is little logic and no public purpose in making such a distinction among the three consolidated districts. The continuation of the name "Muhlenberg" and the old federal employee identification number seems beside the point, an elevation of form over substance. Continuing the exemption for all three rather than one is more in line with the congressional purpose.

Moreover, as the plaintiffs pointed out, the Government is inconsistent in treating a consolidation as creating a new employer in this tax context but not in others. The plaintiffs suggested the Court look to the Government's treatment of 26 U.S.C. § 402 (1988). That section of the Internal Revenue Code deals with distributions from tax-exempt employee benefit plans. Although such distributions are usually taxable as ordinary income, lump sum distributions meeting certain conditions, including pay-

---

**4.** The House Report recognized the difficulty of deciding who is "newly hired" and invited the Treasury to write regulations. *Id.* at 604. The Treasury has not done so.

ment upon an employee's separation from service, are eligible for preferential tax treatment. Plaintiffs cited Rev.Rul. 79–336, 1979–2 C.B. 187, which delineates the Treasury Department's position that under § 402 employees are not considered separated from service if a liquidation, merger, or consolidation resulted in their working for a new employer. The plaintiffs argued that a similar interpretation should prevail in applying § 3121(u)(2)(C) to a circumstance involving a merger or consolidation. This analogy is persuasive.

We conclude that Muhlenberg County Board of Education is the same employer as the former Central City, Greenville, and Muhlenberg County School Districts for purposes of interpreting 26 U.S.C. § 3121(u)(2)(C). The plaintiff teachers and the school system therefore qualify for the 26 U.S.C. § 3121(u)(2)(C) exception from the Medicare tax imposed by 26 U.S.C. §§ 3101(b) and 3111(b). The United States has improperly collected the Medicare tax from both the plaintiff teachers and the Muhlenberg County Board of Education.

We remand to the District Court for further refund proceedings consistent with this opinion.